U.S. BANKRUPTCY COURT—DISTRICT OF NEW JERSEY

BARRY S. MILLER, ESQ.
70 Clinton Avenue
Newark, New Jersey 07114
973-216-7030
973-710-3099 (fax)
bmiller@barrysmilleresq.com
Attorney for Debtors/Defendants

| | |
|---|---|
| In Re:<br><br>**MANUEL P. MARQUES and ALBERTINA C. MARQUES**,<br><br>Debtors.<br>_____<br><br>**MANUEL P. MARQUES and ALBERTINA C. MARQUES**,<br><br>Plaintiffs,<br><br> v.<br><br>**NAVIENT SOLUTIONS, INC. and SALLIE MAE**<br><br>Defendants. | Case No.: 12-31903<br><br>Adv. No.:<br><br>Judge: Vincent F. Papalia<br><br>Chapter 7 |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS**

Barry S. Miller, attorney for the Debtors, Manuel P. Marques and Albertina C. Marques (the "Debtors") states the following:

1. I am an attorney at law in the State of New Jersey. I represent the Debtors as "secondary" counsel of record (on May 8, 2015 I filed a Notice of Appearance in the debtors' main case and then

also on June 3, 2015 in a separate adversary proceeding filed by the Chapter 7 Trustee against the Debtors which has since been resolved). I was hired by the Debtors' daughter this past March in order to represent their interests after their original attorney (the law firm of Marmolejo & Milara, P.C.) did not file an answer on behalf of the Debtors in response to the Chapter 7 Trustee's adversary proceeding filing.

2. The Debtors filed for relief under chapter 7 of the Bankruptcy Code on September 4, 2012. The court issued an order discharging the Debtors from their dischargeable debts on July 31, 2015. This Court thus has jurisdiction over this action under 28 U.S.C. § 1334. This proceeding is a core proceeding in which the Bankruptcy Court has authority to enter a final order or judgment.

3. The Debtors' original counsel who filed their bankruptcy petition listed two student loan creditors on Schedule E. Both of said student loan creditors are made defendants in this matter.

4. Defendant Navient Solutions, Inc. ("Navient") is, upon information and belief, an assignee of an original lender of a student loan(s). Said loan(s) was given solely for the benefit of the Debtors' daughter, Deborah Medeiros. Navient filed a proof of claim on August 8, 2014 claiming that it was owed $27,229.79.

5. Defendant Sallie Mae is, upon information and belief, an assignee or guarantor of an original lender of a student loan(s). Said loan(s) was given solely for the benefit of the Debtors' daughter, Deborah Medeiros. Said loan(s) may not have been actually signed by the Debtors but forged by the Debtors' daughter.

6. Due to the Debtors' age and limited income, not excepting said student loans from discharge pursuant to 11 U.S.C. § 523(a)(8)(A) would impose an undue hardship on them. The Debtors do not

have any current or anticipated available income or resources with which to pay the aforementioned loans and any payments on said loans could be made only at great hardship to the Debtors.

WHEREFORE, the Debtors request that this Court enter an Order declaring the student loan debts referenced above to be dischargeable in this bankruptcy case pursuant to 11 U.S.C. § 523(a)(8)(A)

I certify under penalty of perjury that the foregoing is true and correct.

BARRY S. MILLER, ESQ.
By: /s/ Barry S. Miller_____
Attorney for Debtors/Plaintiffs

Dated: September 8, 2015